**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JASON CARVILLE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO.  3:21-cv-1050** |
| **DEFENDERS, LLC d/b/a HOME** | § | |
| **DEFENDERS, DEFENDERS, INC. d/b/a** | § | |
| **PROTECT YOUR HOME, and THE** | § | |
| **ADT SECURITY CORPORATION,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendants.** | § | |

### INDEX OF DOCUMENTS FILED IN STATE COURT

| Ex. No. | Document |
|---------|----------|
| 1 | State Court Docket Sheet |
| 2 | Plaintiff's Original Petition |
| 3 | State Court Civil Case Information Sheet |
| 4 | Waiver and Acceptance of Service |
| 5 | Notice of Initial Dismissal Hearing |

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Andrew T. Turner*

Andrew T. Turner
Texas Bar No. 24008968
andrew.turner@ogletreedeakins.com
Renee L. Harris
Texas Bar No. 24047568
renee.harris@ogletreedeakins.com
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX  75225
Telephone: (214) 987-3800
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was forwarded to counsel for Plaintiff on May 7, 2021, via the Court's ECF filing system.

/s *Andrew T. Turner*

Andrew T. Turner

46941795.1

## EXHIBIT 1

## Case Information

DC-21-04405 | JASON CARVILLE vs. THE ADT SECURITY CORPORATION et al

Case Number
DC-21-04405

Court
193rd District Court

Judicial Officer
WHITMORE, BRIDGETT

File Date
04/07/2021

Case Type
EMPLOYMENT

Case Status
OPEN

## Party

PLAINTIFF
CARVILLE, JASON

Active Attorneys▼

Lead Attorney
WCISLO, BRIAN
Retained

Address
10025 Horse Creek Road
Fort Meyers FL 33913

DEFENDANT
THE ADT SECURITY CORPORATION

Address
BY SERVING ITS REGISTERED AGENT THE CORPORATION
TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE ST
WILMINGTON DE 19801

DEFENDANT
DEFENDERS LLC

Aliases
*DBA* HOME DEFENDERS

Address
BY SERVING ITS REGISTERED AGENT CT CORPORATION
SYSTEM
334 N SENATE AVE
INDIANAPOLIS IN 46240

DEFENDANT
DEFENDERS INC

  Aliases
   *DBA* PROTECT YOUR HOME
Address
BY SERVING ITS REGISTERED AGENT CT CORPORATE
SYSTEM
334 N SENATE AVE
INDIANAPOLIS IN 46240

## Events and Hearings

04/07/2021 NEW CASE FILED (OCA) - CIVIL

04/07/2021 ORIGINAL PETITION ▾

ORIGINAL PETITION

04/07/2021 CASE FILING COVER SHEET ▾

CCIS

04/20/2021 WAIVER ▾

WAIVER AND ACCEPTANCE OF SERVICE

  Comment
  AND ACCEPTANCE OF SERVICE

06/03/2021 DISMISSAL FOR WANT OF PROSECUTION ▾

193RD Initial Dismissal Notice

Judicial Officer
WHITMORE, BRIDGETT

Hearing Time
1:30 PM

## Financial

CARVILLE, JASON

| | | |
|---|---|---|
| Total Financial Assessment | | $292.00 |
| Total Payments and Credits | | $292.00 |

| 4/9/2021 | Transaction Assessment | | | $292.00 |
|---|---|---|---|---|
| 4/9/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 21907-2021-DCLK | CARVILLE, JASON | ($292.00) |

## Documents

ORIGINAL PETITION

CCIS

193RD Initial Dismissal Notice

WAIVER AND ACCEPTANCE OF SERVICE

FILED
4/7/2021 4:48 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

Case 3:21-cv-01050-E   Document 1-1   Filed 05/07/21   Page 7 of 24   PageID 10

**EXHIBIT 2**

CAUSE NO.: DC-21-04405

| | | |
|---|---|---|
| JASON CARVILLE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | 193rd |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| DEFENDERS, LLC d/b/a HOME | § | |
| DEFENDERS, DEFENDERS, INC., d/b/a | § | |
| PROTECT YOUR HOME, and THE ADT | § | DALLAS COUNTY, TEXAS |
| SECURITY CORPORATION, INC. | § | |
| | § | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Jason Carville ("Plaintiff" or "Carville") files this his Original Complaint and Jury Demand, complaining of defendants Defenders, LLC d/b/a Home Defenders ("Home Defenders"), Defenders, Inc. d/b/a Protect Your Home ("Defenders"), and The ADT Security Corporation, Inc. ("ADT") (collectively "Defendants"), and for cause of action respectfully shows as follows:

### I.

### DISCOVERY CONTROL PLAN

1.     Pursuant to Texas Rules of Civil Procedure 190.3, Plaintiff intends that discovery in this lawsuit be conducted under a Level 2 Discovery Control Plan.

### II.

### PARTIES

2.     Plaintiff, JASON CARVILLE, is an individual residing in Fort Meyers, Lee County, Florida, and is a citizen of the State of Florida.

3.     Defenders, LLC d/b/a Home Defenders is an Indiana limited liability company with its principal place of business at 3750 Priority Way South Drive, Indianapolis, Indiana 46240, and is a citizen of the State of Indiana. Defenders can be served with process via its registered officer, James

**ORIGINAL COMPLAINT AND JURY DEMAND**                              **PAGE   1**

Boyce, at 8555 One West Drive Apt. 111, Indianapolis, Indiana 46260, or via its registered agent for service of process in Indiana, C T Corporate System, 334 North Senate Avenue, Indianapolis, Indiana, 46204.

4.      Defenders, Inc. d/b/a Protect Your Home is an Indiana corporation with its principal place of business at 3750 Priority Way South Drive, Indianapolis, Indiana 46240, and is a citizen of the State of Indiana. Defenders can be served with process via its registered officer, James Boyce, at 8555 One West Drive Apt. 111, Indianapolis, Indiana 46260, or via its registered agent for service of process in Indiana, C T Corporate System, 334 North Senate Avenue, Indianapolis, Indiana, 46204.

5.      The ADT Security Corporation is a Delaware corporation with its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431, which wholly-owns its subsidiaries and co-defendants Defenders and Home Defenders. ADT can be served with process via its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. All Defendants regularly employ over fifteen employees each and are therefore subject to State and Federal employment anti-discrimination and anti-retaliation laws, including 42 U.S.C. § 2000(e) and Tex. Lab. Code § 21.001, *et. seq.*

Federal employment anti-discrimination and anti-retaliation laws, including

6.      ADT is a fast-growing security system installation and monitoring company based in Boca Raton, Florida.  ADT operates in Texas and specifically in the County of Dallas via its wholly owned subsidiaries, Home Defenders and Defenders Home Defenders and Defenders have offices and warehouses in.  Home Defenders and Defenders have employees, including regional managers, sales technicians, and other sales personnel, in Dallas, Texas.

7.      ADT, Home Defenders and Defenders may be treated as a single employer for purposes of liability under both Texas and federal employment discrimination law because ADT,

**ORIGINAL COMPLAINT AND JURY DEMAND**                    **PAGE    2**

Home Defenders and Defenders operate as an integrated enterprise in that they have interrelated operations, common management, centralized control of labor relations, and common ownership and financial control.  ADT exercises control over Home Defenders and Defenders to a degree that exceeds the control normally exercised by a parent corporation.  ADT exercised control over Home Defenders and Defenders in employment decisions, including the decisions relating to Plaintiff. The three companies also share common management. The three companies have one centralized labor relations department controlling both entities. ADT controls all of the employment decisions for Home Defenders and Defenders, and Home Defenders and Defenders are unable to make any independent employment decisions without approval from ADT's corporate office in Florida. ADT directs and controls all marketing, advertising, and corporate strategy applicable to Home Defenders and Defenders.

8.      Alternatively, ADT, Home Defenders and Defenders may be treated as a single employer for purposes of liability under both Texas and federal employment discrimination law because Home Defenders and Defenders are ADT's agent, in that ADT so controls Home Defenders and Defenders as to cause Home Defenders and Defenders to become merely the agent or instrumentality of ADT.

9.      Alternatively, ADT, Home Defenders and Defenders may be treated as a single employer for purposes of liability under both Texas and federal employment discrimination law because Home Defenders and Defenders are ADT's alter ego.  There is such a unity of interest and ownership between the three corporations that their separate personalities no longer exist, and an inequitable result would follow if they were not to be treated as a single employer.  Therefore, ADT, Home Defenders and Defenders will be referred to collectively below as "ADT Companies."

**ORIGINAL COMPLAINT AND JURY DEMAND**                                          **PAGE   3**

III.

### JURISDICTION AND VENUE

10.     This Court has jurisdiction over the lawsuit because the damages sought are within the jurisdictional limits of this Court. Venue is proper in Dallas County, Texas, because all, or a substantial part, of the events giving rise to this cause of action occurred in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002.

11.     During all relevant times, ADT Companies was Plaintiff's "employer" within the meaning of all applicable federal and state statutes.

12.     Plaintiff duly filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 26, 2020 and has obtained a right to sue letter from the EEOC within 90 days of filing this Complaint, which is attached to this complaint as Exhibit A and incorporated by reference herein.

IV.

### STATEMENT OF FACTS

13.     Mr. Carville, a white male, began his employment with ADT Companies in July of 2017 as a security advisor, was promoted on December 11, 2019 to security manager and relocated to Dallas, Texas, and remained an employee of the company until ADT Companies retaliated against him and wrongfully terminated his employment on or about June 10, 2020. Mr. Carville was hired to serve as the Security Manager for North Dallas office, where he excelled at his duties.

14.     Mr. Carville was employed at ADT Companies for approximately two years and eleven months.  Throughout this time, he performed commendably despite being asked to cover and manage both the North Dallas and South Dallas branch offices on a regular basis, a task that one manager could not adequately handle.

15.     On Monday, June 8, 2020, Mr. Carville was asked to cover the South Dallas branch

office along with his North Dallas branch office. One of the employees at the South Dallas branch office was Dylan Redd, an African American male.

16.     Mr. Redd arrived late to his first appointment for the day to Mr. Ceph Jones (the "Customer") home in Whitney, Texas. Mr. Redd was supposed to write "on site" in the GroupMe app to communicate to Mr. Carville know he was at his first appointment, fulfilling the first of five points of contact. Mr. Redd failed to notify Mr. Carville of his arrival.

17.     At around 14:30 that afternoon, Mr. Redd finally contacted Mr. Carville, for the first time, to notify him that the job was taking a long time because he was having technical issues.  Mr. Redd stated he did not have cell signal - so "wasn't sure what to do". Mr. Carville gave him advice to go outside or use an antenna to get a signal.  He also told Mr. Carville that he did not have adequate tools with him because he left them at his last job. Mr. Carville assisted Mr. Redd with his technical issues and they hung up.

18.     At around 14:45, Mr. Redd called Mr. Carville back and told him that Mr. Jones "Does not want to pay sales tax." Mr. Carville asked what the agreement was that he agreed to (since Mr. Redd did not post his 5 points of contact on GroupMe app) and Mr. Redd shared he had a "$1000 sale". Mr. Carville gave him words to use about state requirements collecting sales tax on any purchases made within the state. Mr. Redd never stated that he didn't feel safe or was uncomfortable being at the Customer's home.

19.     At around 14:55, Mr. Redd calls Mr. Carville back and states, "the customer is good with the sales tax now but (Mr. Jones) was making racist remarks." Mr. Carville asked him remarks was the customer making and Mr. Redd responded that Mr. Jones called him "a good cotton picker". Mr. Carville was shocked and told Mr. Redd that is unacceptable and he can leave at any time if he (Mr. Redd) does not feel comfortable. Mr. Redd stated he was almost done with the job and he was going to "wrap it up and get out of here." Mr. Carville reiterated that Mr. Redd could have and he can

**ORIGINAL COMPLAINT AND JURY DEMAND**                                    **PAGE   5**

send someone else out there to finish the job if he felt uncomfortable staying at the Customer's home.

20.     At around 15:00, Mr. Redd again called Mr. Carville and told him he had another technical issue he needed assistance with. Mr. Redd shared that the Customer wants door sensors on outside/exterior non-attached shed. Mr. Carville told Mr. Reed not to do the outlying building due to frequency issues. Mr. Redd proceeded to install anyways after Mr. Carville advised against it. Mr. Redd was trying to install a sensor on an outdoor/exterior building which was against company policy. Mr. Carville instructed Mr. Redd not to install sensors in a detached building because they will have connectivity issues.

21.     At around 15:30, Mr. Redd called Mr. Carville back and disclosed that he installed the door sensors against Mr. Carville's advice. Mr. Redd then stated the exterior doors were not connecting to the keypad inside the home. Mr. Carville then suggested to install a motion detector instead of the door sensors if the Customer was adamant about protecting the exterior building. Mr. Redd then stated that he did not have any motion detectors on him (since he did not properly stock his inventory that morning in advance of the call). Mr. Redd then stated that this is taking forever and the Customer is making racist remarks. Mr. Carville advised him to leave and set up a service call for another technician to go back and finish the job at a later date. Mr. Redd hung up and never responded to a text message later that evening from Mr. Carville.

22.     The following morning, Tuesday, June 9, 2020 at 10:45, Mr. Carville reported the previous day's events in an email to Workforce Logistics (scheduling department), Human Resources and his manager (Elliott Cook). Mr. Carville was concerned about the events that occurred the previous day and wanted to ensure no other technician was ever placed in that type of situation again.

23.     That afternoon, Tuesday, June 9, 2020 at 14:46, Mr. Redd sent an email to Human Resources, Elliott Cook, Brian Nalley, Mr. Carville, and Carleton Edwards, all from ADT Companies, about his alleged experiences that day. Mr. Redd stated that Mr. Jones was upset with the taxes he was

being charged on the install and said, "this cotton picking f*cking government." Mr. Redd stated that Mr. Jones proceeded to question him about "why people of his race were rioting, protesting, looting and killing cops." Mr. Redd stated he was "frozen in fear" and called his manager, Mr. Carville. He went onto state that he felt he was in a hostile work environment and he was "forced to finish the job in the name of making the sale." Mr. Redd complained that Mr. Carville never called to check on him at all and tell him his options, and requested there to be disciplinary action taken. Mr. Redd stated he was "in talks" with lawyers that day to review the situation if there isn't [disciplinary action taken].

24.     The next day, Wednesday, June 10, 2020 Mr. Carville voluntarily participated in an investigation into what happened to Mr. Redd on Monday, June 8, 2020. Mr. Carville was participating in the investigation because he was a witness in a potential Equal Employment Opportunity (EEO) investigation and potentially a lawsuit. Mr. Carville answered questions during the ADT Companies' investigation into what happened to Mr. Redd, discussing alleged employment discrimination or harassment issues and allegations of a hostile work environment.

25.     Mr. Carville participated in the investigation because he was acting on reasonable belief that something in the workplace may violate EEO laws and wanted to make sure that ADT Companies conducted a full investigation.

26.     On June 10, 2020, instead of conducting an investigation and calling Mr. Jones to see what happened at his home, ADT Companies terminated Mr. Carville for his involvement in Mr. Redd's alleged discrimination and hostile work environment investigation.

27.     On June 11, 2020, Mr. Carville called Mr. Jones to find out what happened at his home. Mr. Jones stated that Mr. Redd showed up to their home without tools, so his wife went to Home Depot and bought him tools to complete the security system install at their home. Mr. Jones also stated that his wife quilted a blanket for Mr. Redd's unborn baby that he was expecting with his girlfriend and gave her his home address so she could mail it to him when she was finished. Mr. Jones

also stated he tipped Mr. Redd twenty dollars even though he couldn't finish the installation job. Mr. Jones denied any confrontation at the home or any discussions about race and said although Mr. Redd seemed to be frustrated about not having the technical knowledge to complete the install, nothing out of the ordinary happened.

## V.
## FIRST CAUSE OF ACTION

(RETALIATION – 42 U.S.C. § 2000(e))

28.     Plaintiff realleges and incorporates each and every allegation in this Complaint.

29.     Federal law prohibits retaliation in the workplace and protects workers who participate in protective activities and proceedings. Additionally, federal law prohibits punishing employees for asserting their rights to be free from employment discrimination.

30.     ADT Companies retaliated against Mr. Carville for participating in a potential EEO investigation that alleged violations of discrimination and hostile work environment, being an honest witness in a potential EEO case, discussing alleged employment discrimination or harassment issues, and honestly answering questions during an investigation of alleged discrimination or harassment.

31.     After not addressing Mr. Redd's complaints to human resources, ADT Companies intentionally fired Mr. Carville in an effort to conceal the alleged harassment Mr. Redd complained of and Mr. Redd's complaints about ADT's unlawful employment practices.

32.     As a result of ADT Companies conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

33.     Defendants committed, allowed, encouraged, tolerated and ratified the above described acts and conduct with oppression, fraud and malice, with conscious disregard for Plaintiff's rights and with the intent to vex, injure and annoy Plaintiff. Defendants' acts and conduct therefore

warrant the assessment of punitive damages in a sum appropriate to punish and set an example of Defendants.

34.    The conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of ADT Companies who acted on behalf of ADT. Alternatively, the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of ADT. Alternatively, one or more officers, directors, or managing agents of ADT knew of the conduct constituting malice, oppression, or fraud and adopted, ratified, or approved of that conduct after it occurred.

## SECOND CAUSE OF ACTION

(RETALIATION – Tex. Lab. Code § 21.055, et. seq.)

35.    Plaintiff re-alleges and incorporates each and every allegation in this Complaint.

36.    Texas law prohibits retaliation in the workplace and protects workers who participate in protected activities and proceedings. Additionally, the law prohibits punishing employees for asserting their rights to be free from employment discrimination.

37.    ADT Companies retaliated against Mr. Carville for participating in an investigation that alleged violations of discrimination and hostile work environment, being an honest witness in a potential EEO case, discussing alleged employment discrimination or harassment issues, and honestly answering questions during an investigation of alleged discrimination or harassment.

38.    After not addressing Mr. Redd's complaints to human resources, ADT Companies intentionally fired Mr. Carville in an effort to conceal the alleged harassment Mr. Redd complained of and Mr. Redd's complaints about ADT's unlawful employment practices.

39.    As a result of ADT Companies conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and

mental anguish.

40.     Defendants committed, allowed, encouraged, tolerated and ratified the above described acts and conduct with oppression, fraud and malice, with conscious disregard for Plaintiff's rights and with the intent to vex, injure and annoy Plaintiff. Defendants' acts and conduct therefore warrant the assessment of punitive damages in a sum appropriate to punish and set an example of Defendants.

41.     The conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of ADT Companies who acted on behalf of ADT. Alternatively, the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of ADT. Alternatively, one or more officers, directors, or managing agents of ADT knew of the conduct constituting malice, oppression, or fraud and adopted, ratified, or approved of that conduct after it occurred.

## VI.
## CONDITIONS PRECEDENT

42.     Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff avers that all conditions precedent to Plaintiff's right to recovery as alleged in the Petition have been performed, have been satisfied, or have been waived or released by Defendants.  All notices required by law to be given have been property and timely given.

## VII.
## REQUESTS FOR DISCLOSURE

43.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendant to produce the information or material described in Rule 194.2.

**ORIGINAL COMPLAINT AND JURY DEMAND**                                    **PAGE   10**

## XI.
## JURY DEMAND

44.     Plaintiff demands a jury trial and will tender the appropriate fee in accordance with the Texas Rules of Civil Procedure.

## XII.
## NOTICE PURSUANT TO RULE 193.7

45.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendants of Plaintiff's intent to use, at trial and/or hearing, any and all documents produced by Defendants in the above-referenced litigation.

## XIII.
## PRAYER FOR RELIEF

46.     WHEREFORE, Plaintiff Jason Carville respectfully requests that Defendants be cited to appear and answer herein, as required by law, and that Plaintiff have the following relief:

a.      Judgment against Defendants as set forth above for the sum within the jurisdictional limits of this Court;

b.      Declaratory Relief under the Operating Agreement;

c.      Damages in all forms sought;

d.      Exemplary damages;

e.      Attorneys' fees;

f.      Costs of suit;

g.      Pre-judgment interest as provided by law;

h.      Post-judgment interest as provided by law; and

i.      Any and all other relief at law or in equity to which Plaintiff may show himself justly entitled.

**ORIGINAL COMPLAINT AND JURY DEMAND**                                    **PAGE   11**

DATED: April 7, 2021                           Respectfully Submitted,


                                               WCISLO LAW GROUP, PLLC

                                               /s/ *Brian Wcislo*
                                               Brian M. Wcislo
                                               State Bar No. 24098582
                                               brian@wcislolawgroup.com

                                               3333 Lee Parkway, Suite 465
                                               Dallas, Texas 75219
                                               (214) 356-7963 – Telephone
                                               (469) 466-1178 – Facsimile
                                               **ATTORNEY FOR PLAINTIFF**

Exhibit A

EEOC Form 161 (11/2020)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Jason R. Carville**          From:   **Dallas District Office**
     **86 White Oak Bend**                  **207 S. Houston St.**
     **Rochester, NY 14624**                **3rd Floor**
                                            **Dallas, TX 75202**

|  |  |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **450-2020-06300** | **Juan F. Munoz,** <br> **Intake Supervisor** | **(972) 918-3607** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

#### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

*Equal Pay Act (EPA):* EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

|  |  |  |
|---|---|---|
| Enclosures(s) | for _____ <br> **Belinda F. McCallister,** <br> **District Director** | 1/7/2021 <br> *(Date Issued)* |

cc:
  **Misty Watson**
  **Human Resources Manager**
  **ADT SECURITY, HOME DEFENDERS, LLC.**
  **3750 Priority Way South Dr.**
  **Indianapolis, IN 46240**

  **Brian Wcislo**
  **3333 Lee Parkway**
  **Ste. 465**
  **Dallas, TX 75219**

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____    DC-21-04405    COURT *(FOR CLERK USE ONLY):* _____

STYLED _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:     Email: | Plaintiff(s)/Petitioner(s): | [x] Attorney for Plaintiff/Petitioner |
| Brian Wcislo    brian@wcislolawgroup.com | Jason Carville | [ ] *Pro Se* Plaintiff/Petitioner |
| | | [ ] Title IV-D Agency |
| Address:     Telephone: | | [ ] Other: _____ |
| 3333 Lee Parkway Suite 465    214-356-7963 | | Additional Parties in Child Support Case: |
| City/State/Zip:     Fax: | Defendant(s)/Respondent(s): | Custodial Parent: |
| Dallas, Texas 75219    469-466-1178 | DEFENDERS, LLC d/b/a HOME DEFENDERS, | |
| Signature:     State Bar No: | DEFENDERS, INC., d/b/a PROTECT YOUR HOME | Non-Custodial Parent: |
| *Brian Wcislo*    24098582 | THE ADT SECURITY CORPORATION, INC. | Presumed Father: |
| | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions** (non-Title IV-D) |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | [ ] Enforcement |
| *Debt/Contract* | [ ] Assault/Battery | [ ] Eminent Domain/ Condemnation | [ ] Annulment | [ ] Modification—Custody |
| [ ] Consumer/DTPA | [ ] Construction | [ ] Partition | [ ] Declare Marriage Void | [ ] Modification—Other |
| [ ] Debt/Contract | [ ] Defamation | [ ] Quiet Title | *Divorce* | **Title IV-D** |
| [ ] Fraud/Misrepresentation | *Malpractice* | [ ] Trespass to Try Title | [ ] With Children | [ ] Enforcement/Modification |
| [ ] Other Debt/Contract: | [ ] Accounting | [ ] Other Property: | [ ] No Children | [ ] Paternity |
| | [ ] Legal | _____ | | [ ] Reciprocals (UIFSA) |
| *Foreclosure* | [ ] Medical | | | [ ] Support Order |
| [ ] Home Equity—Expedited | [ ] Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| [ ] Other Foreclosure | | [ ] Expunction | [ ] Enforce Foreign Judgment | [ ] Adoption/Adoption with Termination |
| [ ] Franchise | [ ] Motor Vehicle Accident | [ ] Judgment Nisi | [ ] Habeas Corpus | [ ] Child Protection |
| [ ] Insurance | [ ] Premises | [ ] Non-Disclosure | [ ] Name Change | [ ] Child Support |
| [ ] Landlord/Tenant | *Product Liability* | [ ] Seizure/Forfeiture | [ ] Protective Order | [ ] Custody or Visitation |
| [ ] Non-Competition | [ ] Asbestos/Silica | [ ] Writ of Habeas Corpus— Pre-indictment | [ ] Removal of Disabilities of Minority | [ ] Gestational Parenting |
| [ ] Partnership | [ ] Other Product Liability List Product: | [ ] Other: _____ | [ ] Other: _____ | [ ] Grandparent Access |
| [ ] Other Contract: | _____ | | | [ ] Parentage/Paternity |
| | [ ] Other Injury or Damage: | | | [ ] Termination of Parental Rights |
| | _____ | | | [ ] Other Parent-Child: |
| | | | | _____ |

| **Employment** | **Other Civil** | | | |
|---|---|---|---|---|
| [ ] Discrimination | [ ] Administrative Appeal | [ ] Lawyer Discipline | | |
| [x] Retaliation | [ ] Antitrust/Unfair Competition | [ ] Perpetuate Testimony | | |
| [ ] Termination | [ ] Code Violations | [ ] Securities/Stock | | |
| [ ] Workers' Compensation | [ ] Foreign Judgment | [ ] Tortious Interference | | |
| [ ] Other Employment: | [ ] Intellectual Property | [ ] Other: _____ | | |

| **Tax** | **Probate & Mental Health** | | |
|---|---|---|---|
| [ ] Tax Appraisal | *Probate/Wills/Intestate Administration* | [ ] Guardianship—Adult | |
| [ ] Tax Delinquency | [ ] Dependent Administration | [ ] Guardianship—Minor | |
| [ ] Other Tax | [ ] Independent Administration | [ ] Mental Health | |
| | [ ] Other Estate Proceedings | [ ] Other: _____ | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court | [ ] Declaratory Judgment | [ ] Prejudgment Remedy |
| [ ] Arbitration-related | [ ] Garnishment | [ ] Protective Order |
| [ ] Attachment | [ ] Interpleader | [ ] Receiver |
| [ ] Bill of Review | [ ] License | [ ] Sequestration |
| [ ] Certiorari | [ ] Mandamus | [ ] Temporary Restraining Order/Injunction |
| [ ] Class Action | [ ] Post-judgment | [ ] Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:

[x] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, 000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

## EXHIBIT 4

### CAUSE NO. DC-21-04405

| | | |
|---|---|---|
| JASON CARVILLE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| DEFENDERS, LLC d/b/a HOME | § | |
| DEFENDERS, DEFENDERS, INC., d/b/a | § | |
| PROTECT YOUR HOME, and THE ADT | § | DALLAS COUNTY, TEXAS |
| SECURITY CORPORATION, INC. | § | |
| | | |
| Defendant. | | |

### WAIVER AND ACCEPTANCE OF SERVICE

Pursuant to Rule 119 of the Texas Rules of Civil Procedure, Defendants, Defenders, LLC d/b/a Home Defenders, Defenders, Inc., d/b/a Protect Your Home, and The ADT Security Corporation, Inc. hereby waive their rights to be formally served with Plaintiff Jason Carville's Original Petition. In addition, Defendants waive issuance and service of citation in the above-referenced case. This acceptance of service shall have the same force and effect as if citation had been issued and served as provided by law. A copy of Plaintiff's Original Petition has been delivered to and received by, Defendant's attorney, Andrew Turner, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 8117 Preston Road, Suite 500, Dallas, TX 75225. The parties agree that Defendants accepted service on April 16, 2021.

By: _____
Andrew T. Turner
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, TX 75225
214-624-1150
Andrew.turner@ogletree.com

THE STATE OF TEXAS                          §
                                            §
COUNTY OF DALLAS                            §

BEFORE ME, the undersigned, a Notary Public, in and for said county and state, on this day personally appeared ANDREW TURNER, who being by me duly sworn and said that he is duly qualified and authorized in all respects to make this affidavit; that he is the lawyer of the named defendant in this lawsuit; that he has read this Waiver and Acceptance of Service, and that every statement contained therein is within his knowledge and true and correct.

SUBSCRIBED AND SWORN to before me on the 20th day of April 2021, to certify which witness my hand and official seal.

AMY BARBOSA
My Notary ID # 10629171
Expires September 12, 2024

_____
Notary Public – State of Texas



DC-21-04405

| | |
|---|---|
| **JASON CARVILLE** | **IN THE DISTRICT COURT** |
| **vs.** | **193ʳᴰ JUDICIAL DISTRICT** |
| **THE ADT SECURITY CORPORATION et al** | **DALLAS COUNTY TEXAS** |

### NOTICE OF INITIAL DISMISSAL HEARING

Counsel or Pro Se Plaintiff:

This case is set for a hearing on the Initial Dismissal Docket, as per Tex. R. Civ. P. 165a, for **THURSDAY**, **June 03, 2021,** at 1:30 p.m. in the 193ʳᵈ District Court Courtroom.

1.   If no Defendant has been served as evidenced by no return of citation having been filed with the court on or before the Dismissal Hearing, the case is subject to being dismissed at the Dismissal Hearing;

2.   If service has been made on a Defendant, but no answer has been filed (and any such answer is past due before the Dismissal Hearing Date), you must obtain a default judgment on or before the Dismissal Hearing, or the case is subject to being dismissed at the Dismissal Hearing.  You are encouraged to submit requests for default by submission with affidavit.

3.   If service on at least one Defendant has been made and the citation has been returned to the Court before the Dismissal Hearing, but the time to file an answer has not yet expired, then the Dismissal Hearing should be reset.  Please contact the Court Administrator to obtain reset. You are expected to obtain a default judgment before the reset date of the Dismissal Hearing/Status Conference, or the case is subject to being dismissed.

4.   If an answer is filed on or before the Dismissal Hearing, the case will be referred to the Court Coordinator to be set for trial, if not already set.

SIGNED this April 19, 2021

_____
The Honorable Bridgett N. Whitmore,
193ʳᵈ Judicial District Court