IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON CARVILLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-01050-E |
| | § | |
| THE ADT SECURITY CORP., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER COMPELLING ARBITRATION

The Defendants in this employment dispute have filed an Unopposed Motion to Compel Arbitration (Doc. 10). The Court grants the motion.

Plaintiff Jason Carville filed this action in state court against three Defendants—the ADT Security Corporation, Inc., Defenders, LLC d/b/a Home Defenders, and Defenders, Inc. d/b/a Protect Your Home. Carville alleges that Defenders, LLC and Defenders, Inc. are subsidiaries of ADT. Alternatively, he argues the three Defendants may be treated as a single employer, and he refers to the Defendants collectively in his pleading as "ADT Companies." The notice of removal in this case asserts that Carville improperly named ADT LLC as the three Defendants.

Carville contends he was employed by ADT for almost three years. Carville alleges ADT wrongfully terminated his employment in retaliation for his involvement in a "potential EEO investigation." He asserts claims for retaliation under 42 U.S.C. § 2000e and the Texas Labor Code.

ADT seeks to compel arbitration under an arbitration agreement Carville signed when he was hired in July 2017. The agreement, between Carville and Defenders, Inc. (the "Employer"),

1

provides that "any claim, complaint or dispute that arises out of or relates in any way to the Parties' employment relationship, shall be submitted to final and binding arbitration." The intent of the agreement is to govern "the resolution of all disputes, claims and any other matters in question arising out of or relating to the Parties' employment relationship, including all claims arising out of the employment relationship the Employee may have against the Employer's officers, directors, employees, agents, parents, subsidiaries, affiliated companies, or successors." Carville does not oppose the motion to compel.

The Court finds ADT has established the existence of a valid agreement to arbitrate between all parties. Whether Carville's claims against "ADT Companies" involve one ADT defendant or three separate ADT-related companies, the language of the arbitration agreement applies to any ADT parent, subsidiary, or affiliated company. Further, the Court concludes Carville's retaliation claims fall within the broad scope of the arbitration agreement. The Court grants the motion to compel arbitration of Carville's claims.

ADT asks the Court to abate the lawsuit and compel arbitration. The Federal Arbitration Act provides for a stay pending arbitration. *See* 9 U.S.C. § 3. When all claims are subject to arbitration, however, a court may dismiss an action with prejudice rather than stay it. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). This is so because "[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy, but would be circumscribed to judicial review of the arbitrator's award in the limited manner prescribed by law." *Id.* Because all of Carville's claims in this action

are arbitrable, the Court compels arbitration and dismisses this action with prejudice.

**SO ORDERED**; signed July 7, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE